IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALEXANDRA STRASUN | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | |
| SAMUEL YIHDEGO, | § | |
| *Defendant.* | § | |

## <u>NOTICE OF REMOVAL OF DEFENDANT SAMUEL YIHDEGO</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW DEFENDANT SAMUEL YIHDEGO ("Yihdego" or "Defendant") and files this Notice of Removal ("Notice") of this suit from the 222nd District Court in and for Oldham County, Texas, Cause No. OCI-23F-026, to the United States District Court for the Northern District of Texas, Amarillo Division pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 and respectfully shows the Court as follows:

## I.
### PROCEDURAL FACTS

1.      Plaintiff is Alexandra Strasun ("Plaintiff"), and the Defendant is Samuel Yihdego.

2.      On June 16, 2023, Plaintiff filed her Original Petition in the 222nd District Court of Oldham County, Texas, in Cause No. OCI-23F-026 ("Petition"), asserting negligence claims against Defendant for alleged injuries and damages sustained by Plaintiff in a motor vehicle accident that occurred on March 16, 2022, on IH-40 in Oldham County, Texas, involving a vehicle in which Plaintiff Strasun was traveling, and a tractor, hauling a trailer, operated by Defendant Samuel Yihdego (Ex. A, Petition at ¶4.1). Plaintiff sued Yihdego in the 222nd District Court of Oldham County, Texas, identified as Cause No. OCI-23F-026, and styled as "*Alexandra*

*Strasun v. Samuel Yihdego*" (the "Oldham County Suit") (Ex. A, Petition).

3.      Plaintiff's Petition in the Oldham County Suit states that Plaintiff Alexandra Straus is "an individual residing in Canada." (Ex. A at ¶ 2.1). Plaintiff's Petition further asserts that Defendant Samuel Yihdego is an individual and "resident of Oakland, California 94612. Defendant can be served at [his] place of residence, 2721 MLK Jr. Way, Oakland, California 94612, or wherever he may be found." (Ex. A at ¶ 2.2).

4.      A return of service was filed in the Oldham County Suit indicating that Plaintiff served Defendant Yihdego on July 7, 2023, by means of personal service (Ex. A, Return of Service).

5.      Plaintiff in the Oldham County Suit alleges in her Petition that she resides in Canada, a foreign state (Ex. A, Petition at ¶ 2.1). Plaintiff asserts the collision made the subject matter of the Oldham County lawsuit occurred in Oldham County, Texas. (Ex. A, Petition, at ¶ 4.1).

6.      In Plaintiff's Petition in the Oldham County Suit, Plaintiff assert that Plaintiff seeks "monetary relief over $1,000,000." (Ex. A, Petition at ¶ 1.2).

7.      Yihdego answered the Plaintiff's Petition in the Oldham County Suit on July 28, 2023 (Ex. A, Yihdego Answer).

8.      Defendant Yihdego timely files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

## II.
### GROUNDS FOR REMOVAL

9.      Defendant Yihdego timely files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 (a), 1441 (a), (b), and 1446 (b, c). Removal of the Oldham County Suit to this District and Division is proper because this Court has federal diversity jurisdiction in accordance with 28 U.S.C. §1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between a citizen of a State (California) and citizen or subject of a foreign state (Canada). 28 U.S.C. §1332 (a)(2). This Court has venue of this action because it is being removed from a Texas state court in Oldham County, Texas, and notice is filed in the District Court of the United States for the District and Division within which such action is pending, as per 28 U.S.C. 1446 (a).

**A.    Citizenship of the Parties**

10.    At the time of the filing suit and at the time of removal:

a.    Plaintiff Alexandra Strasun is a citizen or subject of Canada, a foreign state, and is domiciled and resides in Canada; and

b.    Defendant Samuel Yihdego is a citizen of the State of California and is domiciled and resides in 2721 MLK Jr. Way, Oakland, California 94612.

**B.    Removal is proper because there is complete diversity of citizenship as between Plaintiff and Defendant**

11.    Removal of this suit is proper under 28 U.S.C. §1332 (a)(2) because there is complete diversity of citizenship between Plaintiff and Defendant at the time of filing suit and the time of removal, shown as follows:

a.    Plaintiff Alexandra Strasun is a citizen or subject of Canada, a foreign state;

b.    Defendant Yihdego is a citizen of the State of California.

Thus, there is complete diversity of citizenship between Plaintiff and Defendant because Defendant is **not** a citizen of the same state as Plaintiff, and Defendant is a citizen of a State and Plaintiff is a citizen or subject of a foreign state.

**C.    The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs**

12.    Removal of this suit is proper under 28 U.S.C. §1332(a) because the amount or matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13.    In Section I of Plaintiff's Petition which is attached hereto (Ex. A, *Petition*),

Plaintiff states that the damages sought by Plaintiff is "monetary relief over $1,000,000." Plaintiff's Petition, a true and correct copy of which is contained in the state court records of the Oldham County Suit, is attached hereto as part of Exhibit A and incorporated by reference.

14.     Removal of this suit is proper under 28 U.S.C. §1332 (a) because the amount or matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**D.     Consent to Removal of Defendant**

15.     Defendant Samuel Yihdego, consents to the removal of the case to this District and Division, as reflected by filing this Notice of Removal. 28 U.S.C. §1446(b)(2)(A).

**E.     Oldham County Suit court records are attached**

16.     True and correct copies of all pleadings, process, orders, and other filings in the Oldham County Suit are attached to this Notice as Exhibit "A," as required by 28 U.S.C. §§ 1446 (a).

**F.     Venue in this District and Division is Proper**

17.     Venue in this District and Division is proper under 28 U.S.C. §1441 (a) because the 222nd Judicial District Court, Oldham County, Texas, the state court where the state suit has been pending, is located in this District and Division. Plaintiff asserts she was traveling in a vehicle involved in a collision that occurred on March 16, 2022, on IH-40 in Oldham County, (Ex. B, Crash Report).

**G.     Notice of Notice of Removal and Notice of Filing Notice of Removal**

18.     Pursuant to 28 U.S.C. §1446 (d), Defendant will promptly file a copy of this Notice of Removal and a Notice of Filing of Notice of Removal with the district clerk of the 222nd Judicial District Court, Oldham County, Texas, the state court where the suit has been pending, and will give written notice thereof to all adverse parties.

19.     Plaintiff demanded a jury trial in the Oldham County Suit. (Ex. A, Petition at ¶ 7.1).

## CONCLUSION

20.     For the reasons stated above, removal of the Oldham County Suit to this District and Division is proper under 28 U.S.C. §§ 1332(a); 1441, and 1446 because this Court has diversity jurisdiction in accordance with 28 U.S.C. §1332(a)(2) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State (California) and a citizen or subject of a foreign state (Canada). Venue in this District and Division is proper.

WHEREFORE, PREMISES CONSIDERED, and for the grounds stated above, Defendant Samuel Yihdego respectfully requests that the Court remove the Oldham County Suit to the United States District Court for the Northern District of Texas, Amarillo Division.

Respectfully submitted,

MULLIN HOARD & BROWN, L.L.P.
Christopher W. Weber, TBN 00797640
Danny M. Needham, TBN 14854400
C. Wade Overstreet, TBN 24029758
P. O. Box 31656
Amarillo, Texas 79120-1656
(806) 372-5050
(806) 372-5086 Facsimile
cweber@mhba.com
dmneedham@mhba.com
woverstreet@mhba.com

By: /s/ Christopher W. Weber
       Christopher W. Weber

ATTORNEYS FOR DEFENDANT
SAMUEL YIHDEGO

## CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of August 2023, a copy of the foregoing document was served on the parties listed below through electronic service, through efileTexas.gov, properly addressed as follows:

Ted B. Lyon, Esq.
Richard Mann, Esq.
TED B. LYON & ASSOCIATES, PC
Town East Tower, Suite 525
18601 LBJ Freeway
Mesquite, TX 75150
Email: tblyon@tedlyon.com
Email: rmann@tedlyon.com
*Attorneys for Plaintiff*

*/s/ Christopher W. Weber*
Christopher W. Weber

## **EXHIBITS TO NOTICE OF REMOVAL**

Exhibit A   Correct and true copies of Oldham County state court records in Cause No. OCI-23F-026

Exhibit B   Certified Crash Report

# EXHIBIT A

# Case Information

## Alexandra Strasun vs. Samuel Yihego
OCI-23F-026

 Refresh                    File Into

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Oldham County - District Clerk | Civil - Injury or Damage | Motor Vehicle Accident | 6/16/2023 |

## Parties ②

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | Alexandra Strasun ▾ | | Richard Mann ▾ |
| Defendant | Samuel Yihego ▾ | | |

## Events ①

| Oldest | Search events | 🔍 | ❓ |
|---|---|---|---|

➕ All    ➖ All

### Petition
Petition

File Date
6/16/2023



| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Stratsun- POP.pdf | Stratsun- POP.pdf | Does not contain sensitive data | 5 | $1.00 | Available until 8/9/23 |

© 2023 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023.6.0.46



Filed 6/16/2023 3:32 PM
Darla Lookingbill
Combination Clerk
Oldham County, Texas
Reviewed By: Lisa Gail Gilter

OCI-23F-026

CAUSE NO. _____

| | | |
|---|---|---|
| **ALEXANDRA STRASUN;** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | 222ND |
| | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **SAMUEL YIHDEGO** | § | |
| **Defendant.** | § | **OLDHAM COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **ALEXANDRA STRASUN,** (hereinafter referred to as "Plaintiff"), complaining of, **SAMUEL YIHDEGO** (hereinafter referred to as "Defendant"), and would respectfully show the Court and Jury as follows:

### I.
### RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

1.1    Plaintiffs prefer to have the jury determine the fair amount of compensation for Plaintiffs' damages. It is early in the case to be assessing the full nature and scope of Plaintiffs' injuries, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands.

1.2    Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.00.

1.3    Pursuant to Texas Rules of Civil Procedure 190.4, discovery in this case is being conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.1    Plaintiff **ALEXANDRA STRATSUN** is an individual residing in Canada. She may only be contacted by her undersigned attorney of record.

---

**PLAINTIFF'S ORIGINAL PETITION**                                                                **Page 1**

Copy from re:SearchTX

2.2     Defendant **SAMUEL YIHEGO** is an individual and resident of **OAKLAND, CALIFORNIA 94612**. Defendant can be served at her place of residence, **2721 MLK JR WAY, OAKLAND CALIFORNIA, 94612**, or wherever he may be found.

### III
### JURISDICTION/VENUE

3.1     Venue is proper in Oldham County, Texas, under Tex. Civ. Prac. & Rem. Code Ann. §15.002, as this is the county where the Defendants principal place of business is located.

3.2     The amount in controversy is within the jurisdictional limits of the Courts

### IV.
### FACTUAL BACKGROUND

4.1     On or about March 16, 2022, Plaintiffs was a passenger traveling on IH 40 in Oldham County, Texas.  Defendant  violated TXTRC 545.060 when he moved from a clearly marked lane striking Plaintiff's vehicle. As a direct result of the collision, Plaintiff sustained injuries and damages.

### V.
### CAUSE OF ACTION IN NEGLIGENCE

5.1     Plaintiffs would show the Court that at the time and place of the collision hereinabove described, Defendant was guilty of, among other things, the following acts of negligence:

    a.  Failing to obey the traffic laws of this State.

    b.  Failing to yield to a vehicle with the right of way.

    c.  Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

    d.  Failing to timely apply the brakes to the vehicle in order to avoid the collision in question.

    e.  Operating the vehicle without due regard for the rights of others.

---

Copy from re:SearchTX

    f.    Failing to operate the vehicle in a safe manner.

    g.    Failing to keep the vehicle under proper control so as to avoid hitting Plaintiffs' vehicle.

    h.    Defendant drove his vehicle at the time and on the occasion in question with heedless and reckless disregard of the safety of others, which disregard was the result of conscious indifference to the rights, welfare and safety of those persons affected.

5.2    One or more of the aforesaid allegations of negligence by the Defendant are in violation of the standard of care. Each of these acts and omissions of Defendant, singularly or in combination with others, were negligent and were each and all a proximate cause of the collision made the basis of this lawsuit and of the injuries and damages suffered by the Plaintiffs.

5.3    Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

## VI.
## DAMAGES OF PLAINTIFFS

6.1    Plaintiffs state that the damages incurred are in excess of the minimum jurisdictional limits of this Court and Plaintiff pleads for pre and post judgment interest at the maximum legal allowable rate.

6.2    As a result of the Defendant's actions and the Incident, Plaintiffs have suffered damages as follows:

    A.    **Past Medical Expenses:**  Plaintiff have incurred bodily injuries which were caused by the incident in question.  Plaintiff has incurred medical expenses in the past and will continue to incur them in the future.

    B.    **Future Medical Expenses:**  Plaintiff will continue to incur medical expenses in the future as a result of bodily injuries which were caused by the incident in question.

---

Copy from re:SearchTX

C.    **Past Physical Pain:** Plaintiffs have endured severe and constant physical pain in the past and will endure pain in the future.

D.    **Future Physical Pain:** Plaintiffs will continue to endure severe and constant physical pain in the future.

E.    **Past Mental Anguish:** Plaintiffs have endured mental anguish in the past as a result of bodily injuries, which were caused by the incident in question.

F.    **Future Mental Anguish:** Plaintiffs will endure future mental anguish as a result of bodily injuries which were caused by the incident in question.

G.    **Past Impairment:** Plaintiffs have endured physical impairment in the past as a result of bodily injuries which were caused by the incident in question.

H.    **Future Impairment:** Plaintiffs will continue to suffer physical impairment in the future as a result of bodily injuries which were caused by the incident in question.

I.    **Past Disfigurement:** Plaintiffs have endured physical disfigurement in the past as a result of bodily injuries which were caused by the incident in question.

J.    **Future Disfigurement:** Plaintiffs will continue to have disfigurement in the future as a result of bodily injuries which were caused by the incident in question.

K.    **Past Loss of Earnings Capacity:** Plaintiffs have incurred lost earning capacity in the past as a result of the incident in question, and most likely will continue to suffer lost earnings capacity in the future.

L.    **Future Loss of Earnings Capacity:** Plaintiffs has incurred lost earning capacity in the past as a result of the incident in question, and most likely will continue to suffer lost earnings capacity in the future.

## VII.
## JURY DEMAND

7.1    Plaintiffs demands a jury trial and tenders the appropriate fee with this petition.

## VIII.
## DOCUMENTS TO BE USED

8.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby gives notice to Defendant of is intent to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records and discovery responses) during the trial of this matter.

---

PLAINTIFF'S ORIGINAL PETITION                                                                 **Page 4**

Copy from re:SearchTX

## IX.
### PRAYER

9.1      **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendant be cited to appear and answer herein and, that upon final trial, Plaintiffs have judgment against Defendant for all damages proved, all of which are within the jurisdictional limits of this Court, costs of court, for prejudgment interest in accordance with the law and for interest on the judgment until the time the judgment is paid for such other and further relief to which Plaintiffs may show herself to be justly entitled.

Respectfully submitted,

**TED B. LYON & ASSOCIATES, PC**

/s/ *Richard Mann*
**TED B. LYON**
State Bar No. 12741500
tbylon@tedlyon.com
**RICHARD MANN**
State Bar No. 24079640
rmann@tedlyon.com
Town East Tower, Suite 525
18601 LBJ Freeway
Mesquite, Texas 75150
Phone: (972) 279-6571
Fax: (972) 279-3021
**ATTORNEYS FOR PLAINTIFF**

Copy from re:SearchTX

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jimmy Brashear on behalf of Richard Mann
Bar No. 24079640
jimmy@tedlyon.com
Envelope ID: 76714214
Filing Code Description: Petition
Filing Description: Petition
Status as of 6/16/2023 3:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jimmy Brashear | | jimmy@tedlyon.com | 6/16/2023 3:32:42 PM | SENT |
| Richard AMann | | rmann@tedlyon.com | 6/16/2023 3:32:42 PM | SENT |
| Teresa Rollins | | teresa@tedlyon.com | 6/16/2023 3:32:42 PM | SENT |

Copy from re:SearchTX

## Case Information

# ALEXANDRA STRASUN; V. SAMUEL YIHDEGO

OCI-23F-026

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Oldham County - District Clerk | Civil - Injury or Damage | Injury or Damage: Involving Motor vehicle | 6/15/2023 |

## Parties 2

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | Alexandra Strasun | | Richard Mann |
| Defendant | Samuel Yihego | | |

## Events 2

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 7/12/2023 | Filing | No Fee Documents | OCI-23F-026 Service Affiidavit and Citation on Samuel Yihdego | OCI-23F-026 Service Affiidavit and Citation on Samuel Yihdego.pdf |
| 7/28/2023 | Filing | Answer/Response | Yihdego Answer to Original Petition | Yihdego Answer to PLF Petition.pdf |

© 2023 Tyler Technologies, Inc. | All Rights Reserved

Version: 2023.6.0.46


EMPOWERED BY
TYLER TECHNOLOGIES

COUNTY AND DISTRICT CLERK

OLDHAM COUNTY

PO BOX 360

VEGA, TX 79092

Richard Mann

ATTORNEY FOR PLAINTIFF(s)

18601 LBJ Freeway Suite 525

Mesquite, TX 75150



## REGULAR CITATION

Filed 7/12/2023 9:36 AM
Darla Lookingbill
Combination Clerk
Oldham County, Texas
Reviewed By: Brenda Linn

TO: Samuel Yihego

2721 MLK JR WAY

OAKLAND, CAL 94612

OR WHEREVER HE MAY BE FOUND

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

**You are hereby commanded** to appear by filing a written answer to the Plaintiff's Petition, Injury or Damage: Involving Motor vehicle, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 222ND DISTRICT COURT, OF OLDHAM COUNTY TEXAS, of Vega, Texas. Said petition was filed on the 16th day of June, 2023 in this case, numbered OCI-23F-026 on the docket of said Court, and styled,

### ALEXANDRA STRASUN; V. SAMUEL YIHDEGO

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court of VEGA, OLDHAM COUNTY, TEXAS on this 26th day of June, 2023.

Darla Lookingbill, Clerk

OLDHAM COUNTY DISTRICT COURT

Vega, Texas

By _____

Deputy

Certified Copy

Page 1 of 3

Attest: BL

Oldham Co./Dist. Clerk

## SHERIFF'S RETURN

Came to the hand the 30 day of _June_____, 20 23, at 2 o'clock P.M. and executed on the
7 day of _July_____, 20 23, at 9:57 o'clock A.M., at
2721 MLK JR WAY, OAKLAND, in ____ALAMEDA_____ County,
_CALIFORNIA_____ by delivering to each of the within-named defendant(s), in person, a true copy of this
Citation, having first endorsed thereon the date of delivery, together with the accompanying times and places to-wit:

| Name | Day/Month/Year | Hour/Minute | Place, Course, and Distance from Courthouse |
|---|---|---|---|
| SAMUEL YIHEEO | 7/7/2023 | 9:57 AM | 2721 MLK JR WAY, Oakland, CA 94612 |
| | | | |
| | | | |
| | | | |

Not executed for the following reasons:
_____
_____

Information received as the whereabouts of the said defendant ____ being
_____
_____

I am a disinterested person competent to make oath of the fact.

I actually and necessarily traveled _____ miles in the service of this Writ in addition to any other mileage I may have
traveled in the service of other process in the same case during the same trip.

FEES: Serving—cop------$_____
     Mileage___ miles---$_____
     Total....$_____

Subscribed and sworn to ____Tim Ault_____ before me, the undersigned authority, this the
10 day of _July_____ 20 23, at 1:38 o'clock p.m.

_CA Jurat attached_

#924 Alameda                     Sheriff _California_
By: _Tim Ault_                   County, ~~Texas~~
     _Process Server_            ~~Deputy~~

### CERTIFICATION OF DELIVERY

I do hereby certify that I delivered to _____,
_____ on the _____ day of _____, 20____, at
_____o'clock __.m. this copy of this instrument.

_____ Sheriff
_____ County, Texas
By: _____ Deputy

Certified Copy
Page _2_ of _3_
Attest:____BU____
Oldham Co./Dist. Clerk

**CALIFORNIA JURAT**

**GOVERNMENT CODE § 8202**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Alameda_

Subscribed and sworn to (or affirmed) before me on

this __10__ day of __July__, 20_23_ by
　　　　Date　　　　Month　　　　　　Year

(1) __Tim Ault__

(and (2) _____ ).
　　　　　　　Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

JENNIFER PISCIOTTA
Notary Public - California
Alameda County
Commission # 2322109
My Comm. Expires Mar 19, 2024

Signature _____
　　　　　　　Signature of Notary Public

_Place Notary Seal and/or Stamp Above_

---

**OPTIONAL**

_Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document._

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

©2019 National Notary Association

Certified Copy
Page __3__ of __3__
Attest: __BL__
Oldham Co./Dist. Clerk

The foregoing instrument is a certified copy of the original on file in this office.
Date _____ 20____
Darla Lookingbill, District and County Clerk of Oldham County of the State of Texas
By _____ Deputy

Filed 7/28/2023 4:47 PM
Dara Lookingbill
Combination Clerk
Oldham County, Texas
Reviewed By: Lisa Gail Gilter

CAUSE NO. OCI-23F-026

| | | |
|---|---|---|
| ALEXANDRA STRASUN | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 222ND JUDICIAL DISTRICT |
| | § | |
| SAMUEL YIHDEGO, | § | |
| *Defendant.* | § | OLDHAM COUNTY, TEXAS |

### DEFENDANT SAMUEL YIHDEGO'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND DESIGNATION OF JOSHUA LEWIS AS RESPONSIBLE THIRD PARTY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant SAMUEL YIHDEGO ("Yihdego" or "Defendant") and submits his Answer to Plaintiff's Original Petition and Designation of Joshua Lewis as Responsible Third Party and shows the Court the following:

### I.
### MOTION FOR LEVEL THREE DISCOVERY CONTROL PLAN

1.    Pursuant to TEX. R. CIV. P. 190.4, Yihdego hereby moves the Court for an order requiring the parties to conduct discovery under Level 3 and enter an appropriate scheduling order.

### II.
### GENERAL DENIAL

2.    In accordance with TEX. R. CIV. P. 92, Yihdego hereby asserts a general denial to all claims in Plaintiff's Original Petition and generally denies each and every, all and singular, material allegations and claims asserted in Plaintiff's Original Petition and/or in any subsequent petitions and demands strict proof by a preponderance of the evidence according to Texas law.

### III.
### AFFIRMATIVE DEFENSES

Without waiving any of the above and foregoing, and pleading in the alternative, and pleading further if necessary, Yihdego asserts the following affirmative defenses to claims and causes of action asserted in this cause by Plaintiff Alexandra Strasun ("Plaintiff"):

Certified Copy
Page _____ of _____
Attest: _____ BL
Oldham Co./Dist. Clerk

3.      In accordance with TEX. CIV. PRAC. & REM. CODE §§ 33.001, 33.003, 33.004, 33.011, 33.012 and 33.013, Yihdego asserts that the jury be allowed to determine the percentage of proportionate responsibility or comparative fault as to each claimant, each defendant, each settling person and each designated responsible third party with respect to each said person's or entity's causing or contributing to cause in any way the alleged harm and damages for which Plaintiff seeks recovery, whether by negligent act or omission or by other conduct or activity that violates an applicable legal standard. Yihdego hereby asserts and invokes the proportionate responsibility provisions of TEX. CIV. PRAC. & REM. CODE § 33.001 *et. seq.*, including without limitation, Sections 33.001, 33.003, 33.004, 33.011, 33.012 and 33.013.

4.      Plaintiff's injuries and damages were proximately caused by the negligence and negligence *per se* by a third party or third parties (Joshua Lewis and/or Patco Transportation, Inc.), and these third parties are not under the control of Defendant.

5.      If Plaintiff settles with one or more persons, entities, or any Defendant, Yihdego invokes his right to all settlement credits and requests that the Court further reduce the amount of any damages to be recovered by Plaintiff with respect to their claims or causes of action by the sum of the dollar amounts of any and all settlements, in accordance with TEX. CIV. PRAC. & REMEDIES CODE ANN. §33.012(b).

6.      Plaintiff is not entitled to recover any amount of damages allegedly incurred as a result of the collision in question, in the past or future, for amounts charged by medical care providers for medical goods, services and care based on Letters of Protection from Plaintiff's attorneys. Regardless of the amount charged by any medical care provider, Plaintiff's recovery for medical charges in the past or future, if any, may not exceed reasonable and regular rates for the medical goods, services and care rendered to other patients for the same or similar medical goods, services and care at the time medical goods, services and care are rendered. Further, Plaintiff's recovery, if any, for charges for

Certified Copy
Page ___2___ of ___9___
Attest: _____
Oldham Co./Dist. Clerk

medical goods, services and care provided to him after the occurrence in question is limited to the reasonable amount charged for medical goods, services and care which Plaintiff received as a proximate cause of the collision in question in a natural and continuous sequence, and without the occurrence in question, would not have been rendered or received by Plaintiff.

7.    Under Section 304.1045 of the TEXAS FINANCE CODE, Yihdego cannot be liable to Plaintiff for any pre-judgment interest on future damages, if any.

## IV.
### OBJECTION TO PLAINTIFF'S RULE 193.7 NOTICE

8.    Defendant objects to Plaintiff's Rule 193.7 Notice contained in Plaintiff's Original Petition ("Notice"), because, Plaintiff's Notice is not in compliance with Rule 193.7 for the following reasons: (a) Plaintiff's Notice attempts to use the self-authentication rule to authenticate documents that have not been created, authored, prepared, or produced, and Rule 193.7 can only be applied to authenticate documents with respect to the party that produced them; in other words, production of documents necessarily must precede notice of use under the rule; and (b) the Notice is global, overly broad, and fails to provide Defendant with actual notice of the specific documents that Plaintiff intend will be used.

## V.
### MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant SAMUEL YIHDEGO ("Yihdego" or "Defendant") in the above-styled and numbered cause, and files this Motion for Leave to Designate JOSHUA LEWIS ("Lewis") as Responsible Third Party pursuant to TEX. CIV. PRAC. AND REM. CODE §33.004. Defendant respectfully shows the Court as follows:

Certified Copy
Page ____3____ of ____9____
Attest:_____
Oldham Co./Dist. Clerk

9.      Defendant hereby designates Joshua Lewis as responsible third party pursuant to TEX. CIV. PRAC. & REM. CODE § 33.004(a), (f), and (h). Lewis is within the definition of a "responsible third party" pursuant to TEX. CIV. PRAC. & REM. CODE § 33.011(6) Lewis is alleged to have caused or contributed to causing the harm for which recovery of damages is sought by Plaintiff, by negligent act or omission, and by other conduct or activity that violates an applicable legal standard, or by any combination of these.

## VI.
### RELEVANT FACTS

10.     In her Original Petition, Plaintiff Alexandra Strasun ("Plaintiff") sued Defendant for injuries and damages allegedly sustained as a result of a motor vehicle accident on or about March 16, 2022.

11.     In her Original Petition, Plaintiff alleges various acts and omissions of negligence by Defendant, of which Defendant denies. At the time of the accident, Joshua Lewis ("Lewis") was operating the tractor/trailer that Plaintiff was riding in as a passenger. Despite this fact, Plaintiff has not asserted any claims against the driver of the tractor in which she was riding.

12.     Defendant asserts that Joshua Lewis failed to pay attention to the roadway ahead, failed to control the speed of his tractor and failed to timely apply the brakes of his vehicle in order to avoid the collision in question, failed to maintain a proper lookout which led to Lewis' tractor rear-ending Defendant's trailer, resulting in injuries to the Plaintiff. Defendant alleges that Lewis, as a responsible third party as defined under Texas Civil Practice & Remedies Code 33.001, *et seq.*, without limitation: (a) failed to pay attention to the roadway ahead; (b) failed to keep a proper lookout; (c) failed to control speed of Lewis' vehicle; (d) failed to timely and properly apply the brakes of Lewis' vehicle; (e) failed to stop prior to striking Defendant's vehicle; (f) failed to take proper evasive action to avoid the collision and any alleged damages sustained by Plaintiff; (g) failed to comply with the Texas Commercial Motor Vehicle Driver's Handbook; and (h) failed to

operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance. All of the above acts and omissions of negligence by Lewis, constituted a proximate cause of the injuries and damages to Plaintiff, complained of in this suit.

13.    At all relevant times, shortly before, immediately before and/or at the time of the collision in question, Lewis' conduct described in paragraph 11 above was unexcused and constituted negligence *per se*, because such unexcused conduct breached corresponding statutory duties and rules of the road imposed by the applicable sections of the Texas Transportation Code Annotated and in violation of, including but not limited to: TEX. TRANS. CODE ANN. §545.062(a). Defendant and Plaintiff belong to the class of persons this transportation statute was designed to protect, and the collision and injuries is of the type these statues were designed to prevent. Lewis violated this statute without excuse. Lewis' negligence and negligence *per se* was the proximate cause, in whole or in part, of the collision at issue and the injuries, and damages of Plaintiff, and any damages sustained by Plaintiff. Therefore, Plaintiff's recovery should be proportionately reduced, in accordance with the provisions of TEX. CIV. PRAC. & REM. CODE ANN. §33.001 *et seq.* Defendant requests that the negligence *per se*, fault, or proportionate responsibility of Lewis and Patco be submitted to the jury for apportionment, pursuant to with the provisions of TEX. CIV. PRAC. & REM. CODE ANN. §33.001 *et seq.*

14.    Defendant asserts that any negligence, negligence per se, fault, gross negligence, and/or proportionate responsibility of Lewis in causing or contributing to cause Plaintiff's injuries and damages must be submitted to the jury for determination of its proportionate responsibility, in accordance with TEX. CIV. PRAC. & REM. CODE § 33.001 *et seq.* Any such acts or omissions of Lewis constituted negligence or negligence per se, either singularly or in combination, and was the sole proximate cause, or alternatively, a proximate cause of the Collision at issue and/or Plaintiff's alleged injuries and or damages. Accordingly, at trial of this cause, any negligence,

Certified Copy
Page ___5___ of ___9___
Attest:_____
Oldham Co./Dist. Clerk

negligence per se, fault, and/or proportionate responsibility of Lewis should be submitted to the jury for apportionment as a responsible third party, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 33.01 *et seq.*

## VII.
### ARGUMENT AND AUTHORITIES

15.    A defendant may seek to designate a responsible third party by filing a motion for leave to designate a responsible third party on or before the 60th day before the trial date. TEX. CIV. PRAC. & REM. CODE §33.004. As the Court has not yet entered an Agreed Scheduling Order, a trial date has not yet been set: "The case shall be ready for trial on the 'first available jury week subsequent to the selected date.'" Accordingly, the motion is timely. Further, Defendant will timely identify Lewis in his initial disclosures as potential responsible third parties.

16.    A court must grant leave to designate the responsible third party unless another party files an objection to the motion for leave on or before the fifteenth day after the date the motion is served. TEX. CIV. PRAC. & REM. CODE §33.004. By granting a motion for leave to designate a responsible third party, the party named in the motion is designated as a responsible third party for purposes of proportionate responsibility of the parties without further action by the court or any party. *Id.* at §33.004(h).

17.    Lewis is a responsible third party within the meaning of Section 33.001(6) of the Texas Civil Practice and Remedies Code because their alleged acts and/or omissions, relating to the Collision caused or contributed to cause, the alleged harm to Plaintiff for which recovery of damages is sought. Lewis was negligent or negligent per se and failed to use ordinary care as an ordinarily prudent person would have done under the same or similar circumstances, and his conduct caused or contributed to cause Plaintiff's alleged injuries and/or damages. Therefore, the jury should be allowed to decide if, and to what extent, Lewis' acts and/or omissions were a proximate cause of Plaintiff's alleged damages and injuries. Pursuant to Texas Civil Practice and

Remedies Code § 33.004(a), Defendant hereby requests leave of the Court to designate Lewis as responsible third parties.

18.    Defendant is entitled to a legal presumption and reasonable expectation that the tractor and trailer driven by Lewis would keep a proper lookout for the roadway ahead of him, properly apply his brakes, and take evasive action to avoid striking Defendant's trailer.

## VIII.
### DEMAND FOR A JURY TRIAL

19.    Yihdego hereby timely demands his right to a jury trial on all triable issues.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Samuel Yihdego requests that upon final trial of this cause, the Court enter final judgment that Plaintiff take nothing by her suit and that Defendant Samuel Yihdego recover his costs of court, and for such other and further relief, at law.

Respectfully submitted,

MULLIN HOARD & BROWN, L.L.P.
Christopher W. Weber, TBN 00797640
Danny M. Needham, TBN 14854400
Trevor Shoels, TBN 24131922
P. O. Box 31656
Amarillo, Texas 79120-1656
(806) 372-5050
(806) 372-5086 Facsimile
cweber@mhba.com
dmneedham@mhba.com
tshoels@mhba.com

By: /s/ Christopher W. Weber
        Christopher W. Weber

ATTORNEYS FOR DEFENDANT
SAMUEL YIHDEGO

Certified Copy
Page    7    of    9
Attest: _____
Oldham Co./Dist. Clerk

## CERTIFICATE OF SERVICE

I hereby certify that, on this 28th day of July 2023, a copy of the foregoing document was served on the parties listed below through electronic service, through efileTexas.gov, properly addressed as follows:

> Ted B. Lyon, Esq.
> Richard Mann, Esq.
> TED B. LYON & ASSOCIATES, PC
> Town East Tower, Suite 525
> 18601 LBJ Freeway
> Mesquite, TX 75150
> Email: tblyon@tedlyon.com
> Email: rmann@tedlyon.com
> *Attorneys for Plaintiff*

*/s/ Christopher W. Weber*
Christopher W. Weber

Certified Copy
Page ___8___ of _9_
Attest: _____BL_____
Oldham Co./Dist. Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Erica Anderson on behalf of Christopher Weber
Bar No. 797640
eanderson@mhba.com
Envelope ID: 78005340
Filing Code Description: Answer/Response
Filing Description: Yihdego Answer to Original Petition
Status as of 7/28/2023 5:00 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JIMMY BRASHEAR | | jimmy@tedlyon.com | 7/28/2023 4:47:47 PM | SENT |

Associated Case Party: Samuel Yihego

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erica Anderson | | eanderson@mhba.com | 7/28/2023 4:47:47 PM | SENT |
| Nicole Ball | | nball@mhba.com | 7/28/2023 4:47:47 PM | SENT |
| Danny Needham | | dmneedham@mhba.com | 7/28/2023 4:47:47 PM | SENT |
| Trevor Shoels | | tshoels@mhba.com | 7/28/2023 4:47:47 PM | SENT |
| Christopher Weber | | cweber@mhba.com | 7/28/2023 4:47:47 PM | SENT |

Associated Case Party: AlexandraStrasun

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ted Lyon | | tblyon@tedlyon.com | 7/28/2023 4:47:47 PM | SENT |
| Richard Mann | 24079640 | rmann@tedlyon.com | 7/28/2023 4:47:47 PM | SENT |

The foregoing instrument is a certified
copy of the original on file in this office.
Date _____ 20___
Darla Lookingbill, District and County Clerk
of Oldham County of the State of Texas
By _____ Deputy

Certified Copy
Page ___9___ of ___9___
Attest:_____ BL
Oldham Co./Dist. Clerk

# EXHIBIT B





**Texas Department of Transportation**

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | WWW.TXDOT.GOV

Thu, 20 April 2023

STATE OF TEXAS          §

This is to certify that I, Jim Markham, am employed by the Texas Department of Transportation (Department); that I am the Custodian of Motor Vehicle Crash Records for such Department; that the attached is a true and correct copy of the peace officer's report filed with the Department referred to in the attached request with the crash date of Wed, 16 March 2022, which occurred in Oldham County; that the investigations of motor vehicle crashes by peace officers are authorized by law; that this Texas Peace Officer's Crash Report is required by law to be completed and filed with this Department; that this report sets forth matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

Jim Markham
Director, Crash Data & Analysis Section
Traffic Safety Division
125 East 11th Street
Austin, TX  78701-2483



| ☐ FATAL | ☐ CMV | ☐ SCHOOL BUS | ☐ RAILROAD | ☐ MAB | ☐ SUPPLEMENT | ☐ ACTIVE SCHOOL ZONE | Total Num. Units | 4 | Total Num. Prsns. | 4 | TxDOT Crash ID | 18807952.1 /2022123221 |

Case 2:23-cv-00132-BR  Document 1  Filed 09/04/23  Page 31 of 34  PageID 31

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714.  Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 1 of 4

**IDENTIFICATION & LOCATION**

| *Crash Date (MM/DD/YYYY) | 0 3 / 1 6 / 2 0 2 2 | *Crash Time (24HRMM) | 0 5 3 0 | Case ID | | Local Use | |
|---|---|---|---|---|---|---|---|

| *County Name | OLDHAM | | *City Name | | | Outside ☒ City Limit |
|---|---|---|---|---|---|---|

| In your opinion, did this crash result in at least $1,000 damage to any one person's property? | ☒ Yes ☐ No | Latitude (decimal degrees) | 3 5 * 2 3 9 8 6 | Longitude — (decimal degrees) | 1 0 2 * 8 2 1 9 9 6 |
|---|---|---|---|---|---|

**ROAD ON WHICH CRASH OCCURRED**

| *1 Rdwy. Sys. | IH | *Hwy. Num. | 40 | 2 Rdwy. Part | 1 | Block Num. | | 3 Street Prefix | | *Street Name | | 4 Street Suffix | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| ☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot | ☐ Toll Road/ Toll Lane | Speed Limit | 75 | Const. Zone | ☐ Yes ☒ No | Workers Present | ☐ Yes ☒ No | Street Desc. | |
|---|---|---|---|---|---|---|---|---|---|

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. | ☐ Yes ☒ No | 1 Rdwy. Sys. | | Hwy. Num. | | 2. Rdwy. Part | | Block Num. | | 3 Street Prefix | | Street Name | | 4 Street Suffix | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Distance from Int. or Ref. Marker | 100 | ☒ FT ☐ MI | 3 Dir. from Int. or Ref. Marker | E | Reference Marker | 12 | Street Desc. | | RRX Num. | |
|---|---|---|---|---|---|---|---|---|---|---|

**VEHICLE, DRIVER, & PERSONS**

| Unit Num. | 1 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | CA | LP Num. | YP26089 | VIN | 3 A K J G L D R 4 H S H N 7 9 1 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2 0 1 7 | 6. Veh. Color | WHI | Veh. Make | FREIGHTLINER | Veh. Model | UNKNOWN | 7 Body Style | TT | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | 2 | DL/ID State | CA | DL/ID Num. | D9455312 | 9 DL Class | 98 | 10 CDL End. | 96 | 11 DL Rest. | 98 | DOB (MM/DD/YYYY) | 0 1 0 9 1 9 7 7 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Address (Street, City, State, ZIP) | 2721 M L KING JR WAY   OAKLAND, CA 94612 |
|---|---|

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | YIHDEGO, SAMUEL KIFLOM | N | 45 | I | 1 | 1 | 1 | 97 | 97 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | 13 | GEBREHIWET, ASMERON | N | 36 | I | 1 | 1 | 97 | 97 | 97 | N | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

| ☒ Owner ☐ Lessee | Owner/Lessee Name & Address | YIHDEGO, SAMUEL Y, 2721 M L KING JR WAY   OAKLAND, CA 94612 |
|---|---|---|

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 2 | Fin. Resp. Name | UNITED NATIONAL INC. CO. | Fin. Resp. Num. | RTLL15244 |
|---|---|---|---|---|---|---|---|---|

| Fin. Resp. Phone Num. | 925-361-5185 | 27 Vehicle Damage Rating 1 | - - | 27 Vehicle Damage Rating 2 | - - | Vehicle Inventoried | ☐ Yes ☒ No |
|---|---|---|---|---|---|---|---|

| Towed By | DRIVER | Towed To | AWAY |
|---|---|---|---|

| Unit Num. | 2 | 5 Unit Desc. | 6 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | ME | LP Num. | 3230251 | VIN | 1 D W 1 A 5 2 7 M S A 4 9 5 5 3 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2 0 2 1 | 6. Veh. Color | WHI | Veh. Make | STOUGHTON TRAILERS INC | Veh. Model | NOT APPLICABLE | 7 Body Style | TL | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | | DL/ID State | | DL/ID Num. | | 9 DL Class | | 10 CDL End. | | 11 DL Rest. | | DOB (MM/DD/YYYY) | / / |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Address (Street, City, State, ZIP) | |
|---|---|

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

| ☐ Owner ☒ Lessee | Owner/Lessee Name & Address | STOUGHTON RENTAL AND LEASING CO. LLC, 1901 WARRIOR ST   STOUGHTON, WI 44004 |
|---|---|---|

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 2 | Fin. Resp. Name | UNITED NATIONAL INC. CO. | Fin. Resp. Num. | RTLL15244 |
|---|---|---|---|---|---|---|---|---|

| Fin. Resp. Phone Num. | 925-361-5185 | 27 Vehicle Damage Rating 1 | 6 - B D - | 27 Vehicle Damage Rating 2 | - - | Vehicle Inventoried | ☐ Yes ☒ No |
|---|---|---|---|---|---|---|---|

| Towed By | DRIVER | Towed To | AWAY |
|---|---|---|---|

Copy from Custodial File

Case ID

TxDOT Crash ID  18807952.1/2022123221

Case 2:23-cv-00132-BR   Document 1   (Page 32 of 34   PageID 32)

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| 1 | 1 | DISREGUARD NO LANE CHANGE DEVICE (TXTRC 545.060(D)) | TX69A70DCU9J |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

| Unit Num. 1 | ☒ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☐ Yes ☒ No | 28 Veh. Oper. 1 | 29 Carrier ID Type 1 | Carrier ID Num. 03157089 |

Carrier's Corp. Name  RT MORINGA LLC

Carrier's Primary Addr.  7522 OVERDALE DR  DALLAS, TX 75254

30 Veh. Type 9

| 31 Bus Type 0 | ☒ RGVW ☐ GVWR | 8 0 0 0 0 | HazMat Released ☐ Yes ☒ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type 3 |

| Unit Num. 2 | ☒ RGVW ☐ GVWR | 34 Trlr. Type 2 | CMV Disabling Damage? ☒ Yes ☐ No | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No |

| Sequence Of Events | 35 Seq. 1 13 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit ☐ Yes ☒ No | Actual Gross Weight | Total Num. Axles |

## FACTORS & CONDITIONS

| 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 4 | | | | 1 | 2 | 98 | 2 | 1 | 1 | 98 |

## NARRATIVE AND DIAGRAM

### Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets if Necessary)

Unit 1, towing Unit 2, was traveling westbound leaving the rest area north of IH 40 near mile marker 12. Unit 2, towing Unit 3, was traveling westbound on IH 40 in the outside lane. This portion of IH 40 is clearly marked with a solid white line and traffic control devices, this line separates the acceleration lane leaving the rest area and the outside westbound lane of IH 40. According to TXTRC 545.060, a driver may not move from a clearly marked lane unless that movement can be made safely. Due to Unit 1 driver, disregard no lane change device (solid white line), Unit 1 entered the outside lane from the acceleration lane at an unsafe speed. Unit 1 driver entered the outside lane of IH 40 at a speed significantly lower than the posted speed limit of 75 MPH. Unit 3 driver, while traveling westbound on IH 40, had vehicles passing him in the inside lane and can be observed traveling below the speed limit. Unit 3 driver, surrounded by multiple vehicle, was unable to slow to the rate of Unit 1 and 2 resulting in Unit 3 striking Unit 2 in the rear. All events were clearly observed by utilizing the dash camera footage from Unit 3. All involved units came to rest on the outside improved shoulder of the westbound lanes of IH 40.

Field Diagram - Not to Scale



Copy from Custodial File

## INVESTIGATOR

| Time Notified (24HR:MM) 0 5 4 5 | How Notified TXDPS AMARILLO | Time Arrived (24HRMM) 0 6 4 0 | Report Date (MM/DD/YYYY) 03/16/2022 |

Invest. Comp.  ☒ Yes  ☐ No

Investigator Name (Printed) Chestnut, Nathanial A

ID Num. 14474

| ORI Num. | *Agency  DEPARTMENT OF PUBLIC SAFETY, STATE OF TEXAS | Service/ Region/DA  H P 5 B 0 8 |

☐ FATAL ☐ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

Case 2:23-cv-00152-BR   Document 1   Filed 09/04/23   Page 33 of 34   PageID 33

| Total Num. Units | Total Num. Prsns. | TxDOT Crash ID |
|---|---|---|
| | | 18807952.1 /2022123221 |

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**

Texas Department of Transportation

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714.  Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

## IDENTIFICATION & LOCATION

| *Crash Date (MM/DD/YYYY) 0 3 / 1 6 / 2 0 2 2 | *Crash Time (24HRMM) 0 5 3 0 | Case ID | Local Use |
|---|---|---|---|

| *County Name OLDHAM | *City Name | ☒ Outside City Limit |
|---|---|---|

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No
Latitude (decimal degrees) 3 5 . 2 3 3 8
Longitude — (decimal degrees) 1 0 2 . 8 1 9 9 6

**ROAD ON WHICH CRASH OCCURRED**

| *1 Rdwy. Sys. IH | *Hwy. Num. 40 | 2 Rdwy. Part 1 | Block Num. | 3 Street Prefix | *Street Name | 4 Street Suffix |
|---|---|---|---|---|---|---|

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot   ☐ Toll Road/ Toll Lane   Speed Limit 75   Const. Zone ☐ Yes ☒ No   Workers Present ☐ Yes ☒ No   Street Desc.

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. ☐ Yes ☒ No | 1 Rdwy. Sys. | Hwy. Num. | 2. Rdwy. Part | Block Num. | 3 Street Prefix | Street Name | 4 Street Suffix |
|---|---|---|---|---|---|---|---|

Distance from Int. or Ref. Marker 100   ☒ FT ☐ MI   3 Dir. from Int. or Ref Marker E   Reference Marker 12   Street Desc.   RRX Num.

## VEHICLE, DRIVER, & PERSONS

| Unit Num. 3 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State CD | LP Num. PA19545 | VIN 1 X P B D P 9 X 7 L D 4 9 | |
|---|---|---|---|---|---|---|---|

| Veh. Year 2 0 2 0 | 6. Veh. Color WHI | Veh. Make PETERBILT | Veh. Model 579 | 7 Body Style TT | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|

| 8 DL/ID Type 1 | DL/ID State CD | DL/ID Num. L29604118950701 | 9 DL Class 98 | 10 CDL End. | 11 DL Rest. 98 | DOB (MM/DD/YYYY) 0 7 / 1 9 / 1 9 9 5 |
|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP) 72 JAMES ST RR1 EMBRO, CD N0J1J0

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | LEWIS, JOSHUA THOMAS | N | 26 | W | 1 | 1 | 97 | 97 | 97 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | 13 | STRASUN, ALEXANDRA MIHAELA | B | 22 | W | 2 | 1 | 97 | 97 | 97 | N | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☒ Owner ☐ Lessee   Owner/Lessee Name & Address PATCO TRANSPORTATION INC, 7 COCHRAN DR AYR  ONTARIO, CD N081E0

| Proof of Fin. Resp. ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name OLD REPUBLIC INSURANCE COMPANY | Fin. Resp. Num. T70017J |
|---|---|---|---|---|

| Fin. Resp. Phone Num. 800-766-5673 | 27 Vehicle Damage Rating 1 1 1 2 - F P D - 5 | 27 Vehicle Damage Rating 2 | Vehicle Inventoried ☐ Yes ☒ No |
|---|---|---|---|

Towed By RICKY'S TOWING   Towed To 3710 TRADEWINDS ST. AMARILLO TX 79118

| Unit Num. 4 | 5 Unit Desc. 6 | ☐ Parked Vehicle | ☐ Hit and Run | LP State CD | LP Num. V4701Z | VIN 2 M 5 9 4 1 5 F 1 1 4 9 | |
|---|---|---|---|---|---|---|---|

| Veh. Year 2 0 1 5 | 6. Veh. Color WHI | Veh. Make MANAC INC | Veh. Model NOT APPLICABLE | 7 Body Style TL | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|

| 8 DL/ID Type | DL/ID State | DL/ID Num. | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) / / |
|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☒ Owner ☐ Lessee   Owner/Lessee Name & Address PATCO TRANSPORTATION INC, 7 COCHRAN DR AYR  ONTARIO, CD N081E0

Copy from Custodial File

| Proof of Fin. Resp. ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name OLD REPUBLIC INSURANCE COMPANY | Fin. Resp. Num. T70017J |
|---|---|---|---|---|

| Fin. Resp. Phone Num. 800-766-5673 | 27 Vehicle Damage Rating 1 - - | 27 Vehicle Damage Rating 2 | Vehicle Inventoried ☐ Yes ☒ No |
|---|---|---|---|

Towed By RICKY'S TOWING   Towed To 3710 TRADEWINDS ST. AMARILLO TX 79118

Case ID

Case 2:23-cv-00132-BR Document 1 (Page 34 of 34 PageID 34)

TxDOT Crash ID **18807952.1/2022123221**

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| 3 | 2 | NORTHWEST TEXAS HEALTHCARE SYSTEMS - AMA | ADRIAN EMS | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

## CMV

| Unit Num. 3 | ☒ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☐ Yes ☒ No | 28 Veh. Oper. 1 | 29 Carrier ID Type 1 | Carrier ID Num. 00296855 |

Carrier's Corp. Name PATCO TRANSPORTATION INC
Carrier's Primary Addr. 7 COCHRAN DR AYR ONTARIO, CD N081E0
30 Veh. Type 9

| 31 Bus Type 0 | ☒ RGVW ☐ GVWR | 8 0 0 0 0 | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type 3 |

| Unit Num. 4 | ☒ RGVW ☐ GVWR | 0 | 34 Trlr. Type 2 | CMV Disabling Damage? ☐ Yes ☒ No | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No |

| Sequence Of Events | 35 Seq. 1  13 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit ☐ Yes ☒ No | Actual Gross Weight | Total Num. Axles |

## FACTORS & CONDITIONS

| 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| | | | | | | | | | | | |

## NARRATIVE AND DIAGRAM

Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets if Necessary)

Field Diagram - Not to Scale

Copy from Custodial File

## INVESTIGATOR

| Time Notified (24HR:MM) 0 5 4 5 | How Notified TXDPS AMARILLO | Time Arrived (24HRMM) 0 6 4 0 | Report Date (MM/DD/YYYY) 03/16/2022 |

| Invest. Comp. ☒ Yes ☐ No | Investigator Name (Printed) Chestnut, Nathanial A | ID Num. 14474 |

| ORI Num. ☐ | *Agency DEPARTMENT OF PUBLIC SAFETY, STATE OF TEXAS | Service/Region/DA H P 5 B 0 8 |